**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**IN ADMIRALTY**

CASE NO.:

CAROLE CHIN,

    *Plaintiff*,

v.

NCL (BAHAMAS), LTD., a Bermuda Corporation
d/b/a NORWEGIAN CRUISE LINES (NCL),

    *Defendant*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CAROLE CHIN, hereby sues Defendant NCL (Bahamas), Ltd., a

Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) (hereinafter

"NCL"), and alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    This is an action for money damages and the amount in controversy is

in excess of $75,000.00 exclusive of interest and court costs.

2.    This Court has subject matter jurisdiction over the matter under the

Admiralty and Maritime Jurisdiction of the Court pursuant to Article III § 2 of the

United States Constitution and 28 U.S.C. § 1333.

3.      Plaintiff, Carole Chin, is a citizen and resident of Clermont, Florida.

4.      Defendant NCL is a foreign corporation, incorporated under the laws of Bermuda, and licensed to conduct and is conducting business in the State of Florida.

5.      This matter is being filed in the United States District Court for the Southern District of Florida, Miami Division, pursuant to the forum-selection clause contained in Section 15 of the Ticket Contract issued by Defendant.  Defendant NCL is in possession of a copy of the ticket contract.  Defendant has agreed, in writing, that jurisdiction and venue are proper in this Court pursuant to the Ticket Contract.

6.      All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## **GENERAL ALLEGATIONS**

7.      At all times material, Defendant NCL owned, operated, managed, maintained, and controlled the vessel, *Norwegian Jade*.

8.      On or about December 28, 2023, Plaintiff Ms. Chin purchased an NCL cruise package sailing on the *Norwegian Jade* between January 16, 2024, and January 27, 2024.

9.       On January 25, 2024, around 1:00 P.M., Ms. Chin decided to take a shower in her cabin, Stateroom #5602 on Deck 5.

10.     NCL equipped its showers, including the shower in Ms. Chin's bathroom, with refillable liquid soap dispensers, designed to release soap when the button at the bottom of the dispenser is depressed, and incorporating a locking mechanism allowing housekeeping to remove the liquid dispenser to service it.

11.     The liquid dispensers are filled with cleaning products, such as shampoo, conditioner, and body wash, and the housings of the dispensers contain several metal components, adding to the weight of the dispensers.

12.     On January 25, Ms. Chin reached for soap as she took a shower, depressing the button at the bottom of the dispenser.

13.     As soon as Ms. Chin touched the soap dispenser, it fell from the wall, crashed down onto Ms. Chin's right foot and ankle, and broke into multiple pieces.

14.     As a consequence of NCL's negligence, Ms. Chin sustained serious injuries to her right foot and ankle necessitating medical care.

## ALLEGATIONS RELEVANT TO NOTICE

15.     Defendant NCL created the dangerous condition when its employees, including housekeeping personnel, failed to secure the liquid dispenser to the wall.

16.     Defendant NCL's employee, including the housekeeping supervisor and the housekeeping employee responsible for servicing Ms. Chin's cabin last, admitted that the liquid dispenser had fallen because NCL's employee had failed to lock it back in place after servicing it.

## COUNT I – NEGLIGENT FAILURE TO MAINTAIN THE LIQUID DISPENSER

17.     Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 16 above, as though alleged more fully herein.

18.     Defendant NCL owed the non-delegable duty to its passengers, including the Plaintiff, of reasonable care under the circumstances.

19.     Defendant NCL, its agents, servants, and employees, breached Defendant NCL's duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

a.  NCL's employee's failure to inspect, maintain, monitor, and repair the subject liquid dispenser so that it functioned properly and was reasonably safe for use by passengers, including Ms. Chin;

b.  NCL's employee's failure to take reasonable precautions to re-attach the liquid dispenser in Ms. Chin's cabin in a safe, securely fastened, and reasonably functioning manner, which caused the liquid dispenser to fall on Plaintiff.

20.     As a direct and proximate cause of Defendant NCL's negligent failure to maintain the liquid dispenser, Ms. Chin was injured in her right foot and ankle and sustained severe injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, and medical expenses.  These

injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses into the future.

21.    As a direct and proximate result of the aforementioned acts of Defendant, NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL)'s negligence, Plaintiff, CAROLE CHIN has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) is liable for.

**WHEREFORE**, Plaintiff CAROLE CHIN demands judgment against Defendant NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) for all damages, the costs of this action, and further demands trial by jury of all issues so triable as of right.

## COUNT II – FAILURE TO WARN

22.     Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 16 above, as though alleged more fully herein.

23.     At all times material, Defendant NCL owed Ms. Chin a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or which should be known to NCL through its employees in the exercise of reasonable care when servicing the soap dispensers in NCL's cabins.

24.     That the liquid dispenser in Ms. Chin's cabin was not properly re-fastened to the wall by NCL's employee on the day of the incident was neither apparent nor obvious to a reasonable person.

25.     Despite the inadequate fastening of the liquid dispenser was known to Defendant NCL, and well knowable, given NCL's complete control over the removal and replacing of the dispenser, and creation of the dangerous condition, Defendant NCL, its servants, agents, and employees all failed to provide any warning of these conditions to Ms. Chin.

26.     Defendant NCL, its agents, servants, and employees, breached Defendant NCL's duty to provide Plaintiff with reasonable or ordinary care under the circumstances, based on the following conduct:

a. NCL's employee's failed to warn Ms. Chin of the dangerous condition—that the employee had not re-fastened the dispenser the hidden, was not obvious to Ms. Chin but was or should have been obvious to the employee that the liquid soap dispenser was not successfully re-attached, and which dangerous condition Defendant created; and

b. NCL's failure to have any warning label to warn passengers, including Ms. Chin, of the dangerous condition caused by the unsecured liquid dispenser.

27.     Defendant NCL, its servants, agents, and employees created the foregoing conditions that caused Plaintiff's injury, but did not warn Ms. Chin of the hidden, dangerous, and reasonably foreseeable condition, despite its obligation to do so.

28.     As a direct and proximate cause of Defendant NCL's negligent failure to maintain the liquid dispenser, Ms. Chin was injured in her right foot and ankle and sustained severe injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, and medical expenses.  These injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses into the future.

29.     As a direct and proximate result of the aforementioned acts of Defendant, NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL)'s negligence, Plaintiff, CAROLE CHIN has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) is liable for

**WHEREFORE**, Plaintiff Carole Chin demands judgment against Defendant NCL for damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT TRAINING

30.     Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 16 above, as though alleged more fully herein.

31.      Defendant NCL owed a duty to exercise reasonable care for the safety of its passengers under the circumstances, including to train its crew members to

properly inspect, fill, remove and replace, and maintain the liquid dispensers in passenger's bathrooms.

32.    Defendant NCL, by and through its servants, agents, and employees created the dangerous condition of the unsecured liquid dispenser.

33.    Defendant NCL should have become aware that it had failed to properly train its crew members given that the crew members failed to inspect, maintain, and operate the subject dispenser.

34.    Defendant NCL breached its duty of care owed to Plaintiff to reasonably train its crew members to inspect, maintain, and operate the subject area. Defendant NCL failed to comply with industry standards regarding how to train its crew members with respect to proper servicing of the liquid dispenser. Defendant NCL failed to ensure the implementation and operation of its training programs.

35.    At the time Ms. Chin was injured, the crew members responsible for inspecting, operating, and maintaining the liquid dispenser, as well as warning of the dangers associated with the same when unsecured, failed to execute their duties.

36.    As a direct and proximate cause of Defendant NCL's negligent failure to maintain the liquid dispenser, Ms. Chin was injured in her right foot and ankle and sustained severe injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, and medical expenses. These

injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses into the future.

37.     As a direct and proximate result of the aforementioned acts of Defendant, NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL)'s negligence, Plaintiff, CAROLE CHIN has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) is liable for.

**WHEREFORE**, Plaintiff Carole Chin demands judgment against Defendant NCL for damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

## COUNT IV – VICARIOUS LIAIBILTY OF DEFENDANT UNDER *RESPONDENT SUPERIOR* FOR THE ACTS OF THE DEFENDANT'S CREWMEMBER EMPLOYEE(S)/AGENT(S)

38. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 16 above, as though alleged more fully herein.

39. At all times material, the crewmembers responsible for servicing and maintaining the subject liquid dispenser knew that such dispenser was not stable or safe unless it was properly secured to the wall.

40. At all times material, the subject crewmembers were employees, and agents of Defendant NCL acting within the scope of their employment.

41. Defendant NCL, as the employer of the subject crewmembers, is vicariously liable for any and all damages resulting from the negligent acts of the subject crew member(s) while acting within the scope of employment in failing to re-fasten the soap dispenser under the doctrine of *respondeat superior*.

42. Defendant NCL, as the employer or principal of the subject crewmembers, is vicariously liable for any and all damages resulting from the negligent acts of the subject crew members mentioned herein, irrespective of whether Plaintiff can show that Defendant NCL had actual or constructive notice of the subject condition that caused Plaintiff's injuries.

43. As a direct and proximate cause of Defendant NCL's negligent failure to maintain the liquid dispenser, Ms. Chin was injured in her right foot and ankle and sustained severe injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, and medical expenses. These

injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses into the future.

44.    As a direct and proximate result of the aforementioned acts of Defendant, NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL)'s negligence, Plaintiff, CAROLE CHIN has suffered damages, including but not limited to, bodily injury and resulting pain and suffering (past and future), mental distress (past and future), disability (past and future), disfigurement (past and future), mental anguish (past and future), loss of capacity for the enjoyment of life (past and future), expense of hospitalization (past and future), costs of medical and nursing care and treatment (past and future), medical supplies (past and future), loss of earnings, loss of ability to earn money, and aggravation of any preexisting condition (past and future), and the costs incurred by Plaintiff in bringing this action, which NCL (BAHAMAS), LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES (NCL) is liable for.

**WHEREFORE**, Plaintiff Carole Chin demands judgment against Defendant NCL for damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, Carole Chin, hereby demands trial by jury of all issues that are triable as a matter of right.

**DATED**: February 17, 2025

/s/ *Jana Ranieri Cortina, Esq.*
Jana Ranieri Cortina, Esq.
FBN:  771740
JCortina@fightingforfamilies.com
Frank D. Butler, Esq.
FBN:  940585
fdblawfirm@aol.com
**Frank D. Butler, P.A.**
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary:
srogers@fightingforfamilies.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2025, the foregoing was filed with the Clerk of the Court via CM/ECF and served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/  *Jana Ranieri Cortina, Esq.*
Jana Ranieri Cortina, Esq.
FBN: 771740

*Chin v. NCL*
*Complaint and Demand for Jury Trial*
*Page 13 of 13*